IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | Case No. 23-20010-01-DDC |
| CYRIL GREGORY BUYANOVSKY, Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**
**AND ORDER IMPOSING FORFEITURE JUDGMENT**

Before the court is the United States' Motion for a Preliminary Order of Forfeiture and an order imposing a forfeiture judgment upon the defendant Cyril Gregory Buyanovsky (Doc. 69).

For good cause shown, the court grants the United States' Motion for a Preliminary Order of Forfeiture and Order Imposing Forfeiture Judgment (Doc. 69).

1. The court finds that the defendant has consented to the forfeiture of the property identified below in his Plea Agreement and Exhibit A to the Plea Agreement (Doc. 64) and grants the United States' Motion for a Preliminary Order of Forfeiture regarding the same. The court orders Preliminary Forfeiture of the following property to the United States:

A. Avionics equipment and accessories from AirTeam in the Czech Republic contained in cardboard recovered from KanRus's New Century hangar, including a Garmin GWX 70 antenna array (p/n 117-00254-00, s/n 32861), a Garmin GWX 75 weather radar transceiver (p/n 010-01589-00, s/n 4RR003775/3286), a Garmin GI 275 altitude indicator (p/n 010-02326-10, s/n 5MZ113294), and a sub-assy installation kit for GWX 75 (p/n 011-01769-00);

B. Pallet of avionics equipment and accessories associated with attempted export ITN: X20230228312933; and

C. Inventory, as more fully described in Exhibit A to this Order.

2. The court further finds that the property identified in paragraph 1, was used or intended to be used to commit Count 1 and/or were intended to be exported in violation of Count 1 and/or constitutes or is traceable to proceeds derived from Count 1. Accordingly, the property is forfeited to the United States pursuant to 13 U.S.C. § 305, 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and 50 U.S.C. § 4819.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the United States is authorized to seize the property listed in paragraph 1, above, if it has not already done so.

4. Upon the entry of this Order, the United States shall post to www.forfeiture.gov, for a period of thirty consecutive days, notice of this Order, notice of the United States' intent to dispose of the property according to law, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with this court within thirty days of the final publication of notice or receipt of actual notice, whichever is earlier.

5. Further, the notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the forfeited property.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8. Upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture for the United States currency listed in paragraph one and Attachment A.

9. The court further finds that defendant Cyril Gregory Buyanovsky agreed to a forfeiture judgment for $50,000.00, which sum represents a portion of the proceeds obtained by him from the commission of Count 1, which was also involved in the international money laundering conspiracy to which he plead guilty in Count 23. Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment. A personal forfeiture money judgment is hereby imposed against the defendant in the amount of $50,000.00, in accordance with Title 18, United States Code, Sections 981 and 982 and Fed. R. Crim. Pro. 32.2.

10. The court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P 32.2(e), including to substitute property having a value not to exceed $50,000.00 to satisfy the money judgment in whole or in part.

**IT IS SO ORDERED**.

Dated this 15th day of February, 2024, at Kansas City, Kansas.

s/ Daniel D. Crabtree
DANIEL D. CRABTREE
UNITED STATES DISTRICT JUDGE